FILED

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

NOV 30 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS



| | |
|---|---|
| MATILDE ZORAYA PARRA, <br><br> Petitioner, <br><br> v. <br><br> JEFFERSON B. SESSIONS III, Attorney General, <br><br> Respondent. | No. 14-73064 <br><br> Agency No. A095-753-526 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted November 7, 2017[**]
Pasadena, California

Before: BERZON and WATFORD, Circuit Judges, and PAYNE,[***] District Judge.

**1.** The BIA properly determined that Matilde Zoraya Parra was convicted of

a "particularly serious crime" and is therefore ineligible for withholding of

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***] The Honorable Robert E. Payne, United States District Judge for the Eastern District of Virginia, sitting by designation.

removal. *See* 8 U.S.C. § 1231(b)(3)(B)(ii); Cal. Health & Safety Code § 11351; 8 C.F.R. § 1208.16(d)(2).

There is an "extraordinarily strong presumption" that drug-trafficking offenses, which include Parra's, are particularly serious. *Miguel-Miguel v. Gonzales*, 500 F.3d 941, 947 (9th Cir. 2007). To rebut the presumption, Parra must show that her offense involved "extraordinary and compelling circumstances," including "at a *minimum*: (1) a very small quantity of controlled substance; (2) a very modest amount of money paid for the drugs in the offending transaction; (3) merely peripheral involvement by the alien in the criminal activity, transaction, or conspiracy; (4) the absence of any violence or threat of violence, implicit or otherwise, associated with the offense; (5) the absence of any organized crime or terrorist organization involvement, direct or indirect, in relation to the offending activity; and (6) the absence of any adverse or harmful effect of the activity or transaction on juveniles." *Matter of Y–L–*, 23 I. & N. Dec. 270, 276–77 (Op. Att'y Gen. 2002).

Parra has not overcome the presumption that her offense is a particularly serious crime. Parra's primary argument is that she is innocent of the underlying offense and that her no-contest plea was based on bad advice from her attorney. However, "post-arrest (let alone post-conviction) claims of contrition or innocence

2

do not justify . . . a deviation" from the presumption. *Id.* at 277. Additionally, as noted in the BIA's decision, Parra "failed to address [the *Matter of Y–L–*] factors in a meaningful way." The BIA therefore did not abuse its discretion in determining that Parra was convicted of a particularly serious crime and is thus ineligible for withholding of removal. *See Arbid v. Holder*, 700 F.3d 379, 383 (9th Cir. 2012).

**2.** The BIA also properly determined that Parra has not shown that she is more likely than not to be tortured if returned to Mexico, rendering her ineligible for protection under the Convention Against Torture and deferral of removal. *See* 8 C.F.R. §§ 1208.16(c)(2), 1208.17(a), 1208.18(a)(1).

The record does not compel a finding that Parra's past treatment rose to the level of torture, nor that government officials consented to or acquiesced in the treatment. As noted by the BIA, Parra "did not provide sufficient detail to establish that the harm inflicted rose to the level of torture." Additionally, the police did investigate Parra's report of abuse, and the fact that they were unable "to bring the perpetrator[] to justice[] is not in itself sufficient to establish acquiescence in the crime." *Garcia-Milian v. Holder*, 755 F.3d 1026, 1034 (9th Cir. 2014).

**PETITION FOR REVIEW DENIED.**

3